IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JUAN FELIX PEREZ COLON,<br><br>    Plaintiff<br><br>        v.<br><br>MILLENIUM INSTITUTE FOR ADVANCED<br>NURSING CARE, INC., et al.,<br><br>    Defendants | CIVIL NO. 10-1387 (JAF/JP) |

**OPINION AND ORDER**

Before the Court is Felix Perez-Colon and Francisco Diez-Perez's ("Putative Intervenors") motion to intervene (**No. 95**) and Plaintiff Juan Felix Perez Colon's opposition thereto (No. 96). For the reasons stated herein, said motion is hereby **DENIED**.

**I.**

**INTRODUCTION**

On May 11, 2010, Plaintiff filed the instant complaint against Defendants Millenium Institute for Advanced Nursing Care, Inc., SIMED, and Triple-S Propiedad. Plaintiff is the son of Juan Perez Muniz (the "deceased"). Plaintiff alleged that the deceased passed away because of the negligence of Defendants. Plaintiff brought the instant action pursuant to diversity of jurisdiction requesting damages for his pain and suffering, and for the mental anguish of the deceased. On June 14, 2011, Plaintiff settled the case with Defendants (No. 89) and the Court entered judgment accordingly (No. 90).

CIVIL NO. 10-1387 (JAF/JP)        -2-

On June 28, 2011, Putative Intervenors filed the instant motion requesting intervention as a matter of right. Putative Intervenors, like Plaintiff, are members of the estate of the deceased. They argue that they should be allowed to intervene because they have interest in the settlement since part of the settlement allegedly involves the claims for the mental anguish of the deceased.

**II.**

**MOTION TO INTERVENE AS OF RIGHT**

In the instant case, Putative Intervenors move to intervene as matter of right under Fed. R. Civ. P. 24(a)(2). The Court will now consider the parties' arguments.

**A.    Intervention as of Right under Rule 24(a)(2)**

To intervene as a matter of right under Rule 24(a)(2), "a putative intervenor must establish (i) the timeliness of its motion to intervene; (ii) the existence of an interest relating to the property or transaction that forms the basis of the pending action; (iii) a realistic threat that the disposition of the action will impede its ability to protect that interest; and (iv) the lack of adequate representation of its position by any existing party." R & G Mortgage Corp. v. Federal Home Loan Mortgage Corp., 584 F.3d 1, 7 (1st Cir. 2009). Failure to meet any one of these requirements will doom the attempt at intervention. Id.

CIVIL NO. 10-1387 (JAF/JP)     -3-

   *1.   Timeliness*

   Timeliness is an issue that is fact-sensitive and depends on the totality of the circumstances. Banco Popular de Puerto Rico v. Greenblatt, 964 F.2d 1227, 1230-31 (1st Cir. 1992). Of high relevance in said timeliness inquiry is the status of the litigation at the time of the request. Id. at 1231. As the litigation approaches its conclusion, the scrutiny attached to the request for intervention intensifies. Id. Generally, four factors are involved in "the timeliness inquiry: (i) the length of time that the putative intervenor knew or reasonably should have known that his interests were at risk before he moved to intervene; (ii) the prejudice to existing parties should intervention be allowed; (iii) the prejudice to the putative intervenor should intervention be denied; and (iv) any special circumstances militating for or against intervention." R & G Mortgage Corp., 584 F.3d at 7.

   After considering the arguments, the Court finds that the Putative Intervenors' argument fails. At the time the instant motion was filed, judgment had already been entered. As such, the level of scrutiny attached to the request for intervention is greatly heightened. Greenblatt, 964 F.2d at 1231 (citing Garrity v. Gallen, 697 F.2d 452, 455 n.6 (1st Cir. 1983)).

   The length of time that Putative Intervenors were aware of their interest in the action cuts against allowing intervention. Putative Intervenors were aware from the very beginning about their interest

CIVIL NO. 10-1387 (JAF/JP)      -4-

in this case. From the original complaint filed on May 11, 2010, it was obvious that Plaintiff was requesting damages for the mental anguish suffered by the deceased (No. 1). However, Putative Intervenors waited over a year and until after judgment was entered to request intervention.

Furthermore, the balance of harms similarly cuts against allowing intervention. By the time Putative Intervenors moved to intervene, the original parties had settled the dispute. Since the intervention is aimed at reducing the amount of funds to be received by Plaintiff, intervention would cause great prejudice to Plaintiff. "One of the core purposes of the timeliness requirement is to prevent disruptive, late-stage intervention that could have been avoided by the exercise of reasonable diligence." R & G Mortgage Corp., 584 F.3d at 9 (citing United Nuclear Corp. v. Cannon, 696 F.2d 141, 143 (1st Cir. 1982)).

Putative Intervenors' claim that they would suffer prejudice is unconvincing. They would suffer no prejudice since they have their own claims pending in the Puerto Rico local courts. Also, even if Putative Intervenors did suffer some form of prejudice, said prejudice would be nothing more than "a self-imposed wound." Id. If Putative Intervenors had acted responsibly and sought intervention earlier, they would not be in this position. Also, there are no special circumstances militating for intervention.

CIVIL NO. 10-1387 (JAF/JP)      -5-

As such, the Court finds that Putative Intervenors' motion is untimely. Since Putative Intervenors have failed to meet one of the requirements to intervene as a matter of right, their motion to intervene fails. Id. at 7.

   2.   *Fed. R. Civ. P. 24(c)*

The Court also notes that the motion to intervene would also fail for failing to comply with Fed. R. Civ. P. 24(c). Fed. R. Civ. P. 24(c) states:

> [a] motion to intervene must be served on the parties as provided in Rule 5. The motion **must** state the grounds for intervention and **be accompanied by a pleading** that sets out the claim or defense for which intervention is sought. (emphasis added).

In the instant case, Putative Intervenors have failed to provide any pleading setting forth a claim or defense against any of the parties. As such, their motion to intervene would also fail on these grounds. Brown v. Colegio de Abogados de Puerto Rico, 2011 WL 830725, at *5-6 (D.P.R. Mar. 8, 2011) (Fuste, J.).[1]

---

1. The Court must note that the attempt at intervention here appears to create an ethical issue for attorney Liana Colon Valentin ("Colon") under the ABA Model Rules of Professional Conduct. ABA Model Rule 1.9(a) provides that "[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing." Here, Colon represented Plaintiff in this case at one point in time (No. 26). After withdrawing from her representation of Plaintiff (Nos. 50 and 51), Colon is now attempting to represent the Putative Intervenors in this case (No. 95). Without a doubt, the representation of Putative Intervenors is materially adverse to the interests of Colon's former client, Plaintiff, as Putative Intervenors are attempting to take a part of the settlement funds belonging to Plaintiff. Unless Plaintiff provided informed consent confirmed in writing, it would appear that Colon is acting against the mandates of ABA Model Rule 1.9(a).

CIVIL NO. 10-1387 (JAF/JP)        -6-

### IV.

### CONCLUSION

Thus, the Court hereby **DENIES** the motion to intervene filed by the Putative Intervenors.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 25th day of August, 2011.

                                            S/JOSE ANTONIO FUSTE
                                                JOSÉ ANTONIO FUSTÉ
                                              UNITED STATES DISTRICT JUDGE